ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 30 2007

JAMES N. HATTEN, CLERK
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ROYAL OLDSMOBILE CO., INC. ) ) ) Defendant. ) ) | CIVIL ACTION NO. 1:07-CV-0732 JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to employee Ron Robinson who was adversely affected by such practices. The Commission alleges that, during the course of his employment the Defendant Employer subjected Ron Robinson to a hostile work environment on the basis of his race, African American, and subsequently terminated him in retaliation for complaining about the racially hostile work environment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Royal Oldsmobile Co., Inc., (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ron Robinson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least May 2005, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia location, in violation of Section 703(a)(2) and (b) of Title VII, 42 U.S.C. § 2000e-2(a)(2) and (b) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include subjecting Mr. Robinson to a racially hostile work environment on the basis of race and discharging Mr. Robinson in retaliation for opposing practices made unlawful under Title VII.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Mr. Robinson of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race and because he engaged in protected activity.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of in paragraphs 7 and

8, above, were done with malice or with reckless indifference to the federally protected rights of Ron Robinson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race and which retaliate against individuals who engage in protected activity.

B.	Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Ron Robinson, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement.

D.	Order Defendant to make whole Ron Robinson, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search

expenses resulting from the race discrimination and retaliation, in amounts to be determined at trial.

E. Order Defendant to make whole Ron Robinson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ron Robinson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_____ 3/30/07
Robert K. Dawkins
Regional Attorney
Michigan Bar No. P38289

Lakisha Duckett
Trial Attorney
Georgia Bar No. 231641

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, Suite 4R30
Atlanta, GA 30303
(404) 562-6815 - direct
(404) 562-6932 - general
(404) 562-6905 - facsimile